**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| NATIONAL CREDIT UNION | ) | CASE NO. 1: 14 CV 00926 |
| ADMINISTRATION BOARD, acting | ) | |
| in its capacity as liquidating agent for | ) | JUDGE DONALD C. NUGENT |
| St. Paul Croatian Federal Credit Union, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | **AND ORDER** |
| | ) | |
| STAN JURCEVIC, et al., | ) | |
| | ) | |
| Defendants. | ) | |


This case is before the Court two motions to dismiss under Federal Rule of Civil

Procedure 12(b)(6)[1]: (1) Defendant Stan Jurcevic's Motion to Dismiss Counts One Through

Three of Plaintiff's First Amended Complaint (ECF #49); and (2) Defendants Bara Jurcevic and

Stack Container Service, Inc.'s ("Stack") Motion to Dismiss Plaintiff's First Amended

Complaint (ECF #50) .  Plaintiff National Credit Union Administration Board (the "NCUAB" or

the "Board" ) has responded to the Motions, Defendants have replied, and NCUAB has filed a

surreply.  In addition, the Court held a hearing on the Motions on October 3, 2014.  Thus, the

Motions are ripe for consideration.  Having considered the parties' respective arguments and

accepted the well-pled facts as true pursuant to Rule 12(b)(6), the Court holds that the Motions

to Dismiss are GRANTED for the reasons explained below.

---

[1]The Court need not address arguments made under Rule 9(b).

## I.  FACTS

This case involved the closing and liquidation of a local federal credit union known as the St. Paul Croatian Federal Credit Union ("St. Paul").  St. Paul was a federally chartered and insured credit union located in Eastlake, Ohio.  On April 23, 2010, the Board was appointed conservator of St. Paul.  On or about April 30, 2010, the Board was appointed as liquidating agent of St. Paul pursuant to 12 U.S.C. § 1787(a)(1)(A).

Defendants Mr. and Mrs. Jurcevic are husband and wife.  The Jurcevics maintained an account with St. Paul.  Account holders are sometimes referred to as "members" of the credit union because the account holders own "shares" of the institution.  Mr. and Mrs. Jurcevic owned a jointed share account at St. Paul, referred to in the Complaint as the "Jurcevic Share Account."

St. Paul was not permitted to issue business loans, but was authorized to issue "share-secured loans" to its members.  Share-secured loans meant that the borrower pledged funds on deposit in his or her account sufficient to collateralize the member's outstanding loans.  Mr. Jurcevic obtained loans from St. Paul that were supposed to be secured by the Jurcevic Share Account.  The NCUAB claims that Mr. and Mrs. Jurcevic failed to maintain sufficient funds in the Jurcevic Share Account to properly collateralize the loans obtained by Mr. Jurcevic.

Mr. Jurcevic began obtaining loans from St. Paul beginning on or before June 1, 1996. The Board alleges that Mr. Jurcevic made numerous misrepresentations in order to obtain the loans, including "incomplete, false, and misleading information concerning creditworthiness, the existence, identity, and nature of other debt obligations, the true recipients of the loan funds, and/or the purpose of the loan funds."  Mr. Jurcevic allegedly made the misrepresentations to disguise the true nature of the loan transactions.  According to the Board, Mrs. Jurcevic and

2

Stack used and benefitted from some of the illegally-obtained loan proceeds.

The NCUAB alleges that Mr. Jurcevic denied being a guarantor on any other loans, but that Mr. Jurcevic had guaranteed a promissory note issued by PNC Bank. in excess of $2,000,000.  The Board also alleges that Mr. Jurcevic failed to disclose that his income was likely to decline in the near future despite being requested to disclose this alleged fact in each loan application.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in a light most favorable to the plaintiff, accepts all factual allegations as true, and determines whether the complaint states a plausible claim for relief. *Albrecht v. Freon*, 617 F.3d 890, 893 (6th Cir.2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

The Sixth Circuit has applied the now familiar pleading requirements in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and  *Iqbal* and held that plaintiffs must " 'plead ... factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht*, 617 F.3d 893 (quoting *Iqbal*, 129 S.Ct. at 1949); *see New Albany Tractor, Inc. v. Louisville Tractor, Inc*., 650 F.3d 1046, 1049–51 (6th Cir. 2011). Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient. *Iqbal*, 129 S.Ct. at 1949–50; *see Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009). Additionally, when considering a Rule 12(b)(6) motion, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Kottmeyer*, 436 F.3d at 689.

The plausibility pleading standard set forth in *Twombly* and *Iqbal* requires a plaintiff to

have pled enough facts to state a claim for relief that is plausible on its face. *Iqbal*, 129 S.Ct. at 1950. A complaint that allows the court to infer only a "mere possibility of misconduct" is insufficient to "show" that the complainant is entitled to relief and fails to meet the pleading requirements of Rule 8. *Id.* In sum, the allegations in the complaint must raise a right to relief above the speculative level. *Dudek v. Thomas & Thomas Attorneys & Counselors At Law, LLC*, 702 F. Supp. 2d 826, 832 (N.D. Ohio 2010).

### III.  DISCUSSION

Mr. Jurcevic moves to dismiss three causes of action asserted against him in the First Amended Complaint: (1) Count 1: Fraud; (2) Count 2: Conspiracy; and (3) Count 3: Conversion.  Mr. Jurcevic argues that these claims should be dismissed pursuant to Rule 12(b)(6) for at least the following reasons:

- Counts 1 (Fraud) and 3 (Conversion): Each claim is barred by the four-year statute of limitations in R.C. § 2305.09;

- Count 1 (Fraud): The First Amended Complaint fails to satisfy Rule 9(b)'s pleading standard as it fails to allege reasonable reliance on any material misrepresentations by Mr. Jurcevic;

- Count 2 (Conspiracy): The civil conspiracy claim fails because the underlying tort claims for fraud and conversion fail; and

- Count 3 (Conversion): A claim for conversion is not recognized on these facts.

The Amended Complaint appears to assert only two causes of action against Mrs. Jurcevic and Stack: (1) Count 2: Conspiracy; and (2) Count 13: Unjust Enrichment.  The Motion to Dismiss  filed by Mrs. Jurcevic and Stack requests dismissal of these counts on at least the following grounds:

- Count 2 (Conspiracy): The conspiracy claim is barred by the

4

statute of limitations applicable to the fraud claim brought against Mr. Jurcevic; and

- Count 13 (Unjust Enrichment): The Amended Complaint does not allege any causal connection between Mrs. Jurcevic/Stack and the alleged loss.

Defendants argue that Counts 1 through 3 and 13 of the First Amended Complaint fail to allege any cognizable cause of action against Mr. Jurcevic, Mrs. Jurcevic, or Stack.  The Court agrees, for the following reasons.

### A.    Counts 1 Through 3 Are Time-Barred

Defendants argue that NCUAB's tort claims for fraud (Count 1) and conversion (Count 3) are barred by the applicable statute of limitations.  Defendants further argue that NCUAB's conspiracy claim (Count 2) also fails if the underlying fraud count fails.

The statute of limitations applicable to the NCUAB's tort claims is applied pursuant to the federal "Extender Statute" codified at 12 U.S.C. § 1787(b)(14)(A).  The Extender Statute provides that, in the case of a tort claim, the statute of limitations for actions brought by a conservator or liquidating agent such as NCUAB is the *longer* of: (1) the three-year period beginning on the date the claim accrues; or (2) the period applicable under state law.  In Ohio, the NCUAB's fraud and conversion claims are subject to a four-year limitations period, which the parties agree applies here under the Extender Statute.  R.C. § 2305.09; *Toledo Museum of Art v. Ullin*, 477 F. Supp. 2d 802, 807 (N.D. Ohio 2006).

The Extender Statute goes on to provide that the statute of limitations begins to run on the *later* of:

(i)    the date of the appointment of the Board as conservator or

5

liquidating agent; or

(ii)     the date on which the cause of action accrues [under common law].

12 U.S.C. § 1787(b)(14)(B).

The parties here agree that § 1787(b)(4)(B)(i) determines when the four-year statute of limitations began to run.  The disagreement concerns whether the four-year period began to run on the date when the NCUAB was appointed conservator, or on the date when the Board subsequently was appointed liquidating agent.  NCUAB argues that the four-year limitations period reset when NCUAB was appointed liquidator.  Specifically, NCUAB states:

> The four-year limitations period created by §1787(b)(14) began to run initially on April 23, 2010, when the NCUAB placed St. Paul into conservatorship. It was still running when, on April 30, 2010, the NCUAB placed St. Paul into liquidation. However, a new four-year limitations period began to run from that date when the NCUAB undertook its responsibilities as liquidating agent. Because the Liquidating Agent brought its claims in this case within that new four-year period (that is, before April 30, 2014), its claims were timely.

Defendants argue that the four-year limitations period began to run when NCUAB was appointed conservator on April 23, 2010, and did not reset when NCUAB was appointed liquidator.  Under Defendants' theory, the NCUAB had until April 24, 2014 to file its complaint.  According to Defendants, the Complaint here, filed on April 29, 2014, was untimely.

Plaintiff NCUAB is unable to cite to any case law in support of its position that is directly on point.  Defendants, on the other hand, have cited a supporting case out of the District of Kansas that addresses the precise question that is under consideration here, namely, whether the statute of limitations as determined under the Extender Statute resets when an entity that

previously has served as conservator of a credit agency is appointed liquidating agent. In

*National Credit Union Admin. Bd. v. Credit Suisse Securities (USA) LLC*, 939 F. Supp. 2d 1113,

1124-35 (D. Kan. 2013), as here, the Board was appointed as the conservator of several failed

credit unions. Subsequently, the Board placed these credit unions into liquidation and appointed

itself as liquidator. The Board then pursued a variety of securities claims against entities such as

Credit Suisse. Credit Suisse moved to dismiss on the basis that the securities claims were barred

by the statute of limitations, and that such claims accrued when the Board was appointed as

conservator of the failed credit unions. The Board countered by arguing that the accrual period

started when it was appointed as conservator, but then restarted a second time when it was

appointed liquidating agent. *Id.* at 1125. The Court held that "[t]he [Extender Statute] cannot

be reasonably read in that manner." *Id.* Thus, the Court held that the limitations period began

running when the Board was appointed as conservator, and did not restart when it was later

appointed as the liquidating agent.

Although *Credit Suisse* is not binding on this Court, the Court finds its reasoning

persuasive.[2] The Extender Statute is written in such a way that the statute of limitations begins

to run when the plaintiff first has notice of the claim. Indeed, as the *Credit Suisse* court stated,

the Extender Statute unambiguously offers only two dates on which the statute of limitations

begins to run, and those two dates are numbered accordingly in the statute. The first "date"

(written in the singular) is appointment as either the conservator *or* the liquidator. The

disjunctive "*or*" links "conservator" and "liquidator" to indicate that the statute of limitations is

triggered by one appointment only, and thus cannot be reset by a subsequent appointment if the

---

[2]The Court is informed by Plaintiff NCUAB that *Credit Suisse* is on appeal.

conservator later becomes the liquidating agent.   The second of the two enumerated dates is the date of accrual.  The NCUAB satisfied the first possible date when it was appointed as conservator, and that is the date that must be used to determine when the limitations period expired in this case.

Indeed, if the Extender Statute is read the way NCUAB advocates, the limitations period is rendered indefinite.  A conservator could be appointed, thus triggering the four-year limitations period.  The conservator could allow that period to run without filing a claim.  Then, perhaps years after a claim brought by the conservator would be time-barred, the limitations period could be revived by the appointment of the same entity as liquidator.  This clearly is not what the Extender Statute intended to authorize.

The NCUAB placed St. Paul into conservatorship on April 23, 2010, naming itself as conservator.  The NCUAB did not file its original complaint until April 29, 2014 – more than four years from the date the Board was appointed conservator. Thus, using the first date of accrual available to the NCUAB under the Extender Statute, the NCUAB's fraud and conversion claims are time-barred absent an allegation that they would have accrued under common law some time after April 29, 2010.  NCUAB fails to make such an allegation in the First Amended Complaint.  Thus, the NCUAB's claims for fraud and conversion, as alleged in Counts 1 and 3 of the First Amended Complaint, are dismissed for failure to state a claim upon which relief may be granted.

Count 2, NCUAB's claim for conspiracy, also must be dismissed.  A civil conspiracy claim is derivative and cannot be maintained absent an underlying unlawful act.  When the substantive causes of action on which a conspiracy claim is based are found to be lacking merit,

the conspiracy claim also must fail.  *Bowshier v. Chrysler Fin. Corp.*, 144 F. Supp. 2d 919, 933-34 (S.D. Ohio 2001).

Here, the NCUAB's conspiracy claim is based solely upon its alleged fraud claim.  The Court has held that the fraud claim fails as a matter of law.  Absent an underlying unlawful act to support the NCUAB's allegation of civil conspiracy, Count 2 of the First Amended Complaint must be dismissed for failure to state a claim.

**B.      Count 13 Fails As A Matter of Law**

The Board alleges in Count 13 that Mrs. Jurcevic and Stack are liable for unjust enrichment as passive recipients of the loan funds.[3]  To establish a claim for unjust enrichment, a plaintiff must prove that: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant knew of such benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment.  *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 501 (6th Cir. 2003).

To prevail against Mrs. Jurcevic or Stack, the NCUAB must show these defendants were the party(ies) responsible for its alleged detrimental position.  *Ironhead Marine, Inc. v. Donald C. Hannah Corp.*, 3:10CV82, 2014 WL 3786383 (N.D. Ohio July 31, 2014); *Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*, 758 F.3d 757, 776 (6th Cir.2014).  It is insufficient for the plaintiff to prove merely that it conferred a benefit upon the defendant.  *Katz v. Banning*, 84 Ohio App.3d 543, 617 N.E.2d 729, 735 (1992).  Rather, the plaintiff must prove that, under the circumstances, the plaintiff has a "superior equity so that, as against . . . [the plaintiff], it would be

---

[3]Count 13 also alleges unjust enrichment against Mr. Jurcevic, who has not moved to dismiss the claim against him.

unconscionable for the . . . [defendant] to retain the benefit." *Id.*

In the present case, the NCUAB has failed to allege the requisite causal connection between the conduct of Mrs. Jurcevic or Stack and St. Paul's alleged loss.  The plaintiff does not allege any material misstatements or representations by Mrs. Jurcevic or Stack that caused St. Paul to loan money to Mr. Jurcevic.  Indeed, the NCUAB appears to concede in its Opposition brief that neither Mrs. Jurcevic nor Stack had any role whatsoever in obtaining the loans.  At most, the NCUAB alleges that Mrs. Jurcevic and Stack were the passive recipients and beneficiaries of loans fraudulently obtained by Mr. Jurcevic. Even assuming that this allegation is true, it is insufficient to sustain a claim of unjust enrichment.

## IV.  CONCLUSION

For the reasons set forth above, Counts 1 through 3 of the First Amended Complaint are dismissed in their entirety for failure to state a claim upon which relief may be granted.  Count 13 is dismissed as a matter of law as against Mrs. Jurcevic and Stack.  The Court need not address additional grounds for dismissal raised in the Motions to Dismiss.

**IT IS SO ORDERED.**

s/Donald C. Nugent
**DONALD C. NUGENT**
**UNITED STATES DISTRICT JUDGE**

**DATED:**10/15/2014